IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2124-FL

| | | |
|---|---|---|
| KEVIN TYRONE WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STEPHANIE HOLLEMBAEK, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on respondent's motion to dismiss, or in the alternative, for summary judgment[1] (DE 7). In this posture, the issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies respondent's motion.

## STATEMENT OF THE CASE

On June 18, 2015, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the Federal Bureau of Prisons' ("BOP") computation of his sentence. Respondent filed a motion for summary judgment arguing that the petition should be denied because petitioner failed to exhaust administrative remedies before filing this action. The motion was fully briefed.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v.

---

[1] Because respondent attached matters that are outside of the pleadings, his motion will be construed as a motion for summary judgment.

Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Respondent contends that petitioner's § 2241 action should be dismissed because petitioner failed to exhaust his administrative remedies for his claim. Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require federal prisoners challenging the execution of his/her sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See United States v. Vance, 563 F. App'x 277, 278 (4th Cir. 2014); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into court. See Jones v. Bock, 549 U.S. 199, 204 (2007). Failure to exhaust may be excused only upon a showing of cause and prejudice. McClung, 90 F. App'x at 445.

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

Here, the record indicates that petitioner has not exhausted his administrative remedies. (Kitka Aff. (DE 11) ¶ 13). Specifically, a search of BOP records indicates that petitioner never filed any requests for administrative remedy. (Resp't. Ex. 10 (DE 11-10)). In his response, petition asserts that he did file a BP-8 and a BP-9 form. However, has not attached any exhibits or affidavits to corroborate this assertion. Moreover, petitioner does not allege that he ever filed a BP-10 or BP-11 form. Based upon the foregoing, the court finds that petitioner did not utilize the BOP's administrative remedy process to resolve the instant issue. Nor has petitioner demonstrated any grounds to establish cause or prejudice necessary to excuse his failure to exhaust administrative remedies. Thus, petitioner's claim is DISMISSED without prejudice to allow petitioner the opportunity to exhaust his administrative remedies.[2]

## CONCLUSION

Respondent's motion for summary judgment (DE 7) is ALLOWED and petitioner's § 2241 petition is DISMISSED without prejudice to allow petitioner the opportunity to exhaust his administrative remedies. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 18th day of August, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] The court notes that petitioner was released from custody on April 20, 2016. (See Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited August 12, 2016)). Generally, a habeas action is rendered moot by a petitioner's release from custody, in the absence of collateral consequences. See, e.g., Alston v. Adams, 178 F. App'x 295, 296 (4th Cir. 2006); see also Stewart v. Gonzales, No. 1:07-00231, 2009 WL 669427, *2 (S.D.W.Va. Mar. 10, 2009) ("In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition for Writ of Habeas Corpus."). This provides an alternate basis for dismissing petitioner's claims.